**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| M.J. and J.S.,<br>Plaintiffs,<br>v.<br>U.S. DEPARTMENT OF STATE, *et al*.,<br>Defendants. | Civil Action No.<br>1:25-cv-05458-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendants' motion to dismiss Plaintiffs' complaint [ECF 6]. Because the Court lacks jurisdiction to hear Plaintiffs' Administrative Procedure and Mandamus Act claims, Defendants' motion is **GRANTED**.

## I. Plaintiffs' Complaint[1]

Plaintiffs are a married couple.[2] M.J. is a citizen of Iran, and J.S. is a citizen of the United States.[3] J.S. filed a visa petition with USCIS on behalf of M.J., and the

---

[1] For purposes of Defendants' motion to dismiss, the Court treats Plaintiffs' well-pleaded allegations as true. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

[2] ECF 1, ¶¶ 8–9. Defendants appear to confuse the facts of the instant case in their briefing. In their motion to dismiss, Defendants write "the Mandamus Act does not provide jurisdiction to 'speed up' the re-adjudication of the visa applications Plaintiff filed on her parents' behalf." ECF 6-1, at 10. This case concerns a husband seeking a visa for his wife, not a daughter seeking a visa for her parents.

[3] ECF 1, ¶¶ 8–9.

petition was approved and forwarded to the National Visa Center for further consideration.[4] On February 8, 2024, M.J. attended her visa interview at the U.S. Embassy in Ankara, Turkey and shortly thereafter completed her visa application.[5] Despite numerous status update requests, M.J.'s visa application remains in administrative processing.[6] Exhibits attached to Plaintiffs' complaint, however, show that Defendants informed Plaintiffs in May 2025 that M.J.'s visa application was refused pursuant to § 221(g) because M.J. had not established visa eligibility.[7]

Those same exhibits show that Defendants informed Plaintiffs that this refusal constituted an adjudication of M.J.'s visa application.[8] Notwithstanding the application refusal, Defendants advised Plaintiffs that M.J.'s visa application would be submitted for additional administrative processing to consider additional evidence.[9] While it is unclear from Plaintiffs' complaint whether they have submitted additional evidence since the visa application was refused,

---

4 *Id.* ¶ 25.

5 *Id.* ¶¶ 26–27.

6 *Id.* ¶¶ 28–36.

7 ECF 1-9, at 4. "We may also consider documents attached to the plaintiff's complaint if they are (1) central to the plaintiff's claim and (2) undisputed." *Bank of Camilla v. St. Paul Mercury Ins. Co.*, 531 F. App'x 993, 994 (11th Cir. 2013).

8 ECF 1-9, at 4.

9 *Id.*

Plaintiffs posit that they have already "submitted all necessary information and evidence supporting [M.J.'s] application."[10] Notwithstanding that adjudication and Plaintiffs' submission of "all necessary information," Plaintiffs contend that the delay in further processing M.J.'s visa application has caused them to suffer significant hardship, including the loss of employment, family separation, and declining mental health.[11]

Plaintiffs seek relief under the Administrative Procedure Act (APA) and Mandamus Act.[12] They request that the Court issue a writ of mandamus compelling Defendants to complete administrative processing and issue a final adjudication of the visa application.[13] Defendants move to dismiss, arguing that the Court lacks subject matter jurisdiction since they have already refused the visa application and there is no further nondiscretionary act that the Court can compel them to take.[14] Because Plaintiffs have not identified a further nondiscretionary action Defendants are required to take, the Court lacks subject matter jurisdiction to consider Plaintiffs' APA and Mandamus Act claims.

---

10 ECF 1, ¶ 63.

11 *Id.* ¶¶ 37–42.

12 *Id.*

13 *Id.*

14 ECF 6.

## II. Applicable Legal Standard

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be based on a facial or factual challenge to the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. May 1981)). Here, Defendants make a facial attack, which requires that the Court determine whether Plaintiffs have sufficiently alleged subject matter jurisdiction. *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). The burden, however, lies with Plaintiffs to establish jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

The APA requires governmental agencies, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, . . . to conclude a matter presented to it." 5 U.S.C. § 555(b). A federal court may therefore "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). But courts' jurisdiction to hear such cases is limited if (1) a statute precludes such review or (2) the action requested is committed to the agency's discretion by law. *Id.* § 701(a). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (*SUWA*) (emphasis in original). "Thus, when an agency is compelled

by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be." *Id.* at 65.

Under the Mandamus Act, a district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an "extraordinary remedy" that should only be used in the "clearest and most compelling" cases. *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (per curiam) (citation omitted). Similar to the standard under the APA, mandamus relief is only available when (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available. *Id.* at 1258. The duty to act must be nondiscretionary. *Id.*

**III. Discussion**

Defendants move for dismissal both for lack of subject matter jurisdiction and failure to state a claim.[15] Specifically, Defendants argue that the Court lacks subject matter jurisdiction because Plaintiffs have failed to identify a nondiscretionary act that Defendants have not already taken, and further argue

---

[15] *Id*. Plaintiffs' complaint makes passing reference to this Court having additional authority to grant relief under the Declaratory Judgment Act. ECF 1, ¶ 4. However, "the Declaratory Judgment Act does not provide an independent basis of jurisdiction." *Gupta v. U.S. Att'y Gen.*, 439 F. App'x 858, 861 (11th Cir. 2011).

that Plaintiffs have failed to state a claim because they cannot establish that Defendants' delay in processing M.J.'s visa application was unreasonable.[16] The Court lacks subject matter jurisdiction to consider Plaintiffs' claims because Plaintiffs have failed to identify any further nondiscretionary action that the Court could compel Defendants to take. For this reason, and notwithstanding the parties' arguments as to whether Plaintiffs have stated a claim based on unreasonable delay, Defendants' motion to dismiss Plaintiffs' complaint is granted.

As explained above, consular officers can take only one of three options after receiving and reviewing a visa application: issue the visa, refuse the visa "under INA 212(a) or 221(g) or other applicable law," or discontinue granting the visa. 22 C.F.R. § 42.81(a). Despite allegations that Defendants have failed "to adjudicate [her] visa," Plaintiffs' complaint shows that Defendants have already refused M.J.'s visa application under § 221(g) for failure to establish eligibility.[17]

Neither Plaintiffs nor Defendants cite any controlling decision from the Eleventh Circuit that addresses whether consular officials have any further nondiscretionary duty to act after refusing a visa application under 22 C.F.R. § 42.81(a). However, many courts, including courts in this Circuit, have held that a consular officer's decision to refuse a visa application constitutes a final

16 ECF 6.

17 ECF 1, ¶ 57; ECF 1-9, at 4.

nondiscretionary act for the purposes of the APA and the Mandamus Act, and that consular officials are not required to take an additional step beyond that initial refusal. *See Yousefifar v. U.S Dep't of State*, No. 4:24-CV-109, 2025 WL 1805315, at *8 (S.D. Ga. June 30, 2025) ("[W]hen an individual submits his nonimmigrant visa application, participates in a consular interview, is refused a visa under § 221(g), and is permitted to provide supplemental information—just like Plaintiff here—a final decision has been issued on the visa petition."); *see also Martinez v. Baumann*, 796 F. Supp. 3d 337, 348 (W.D. Tex. 2025) ("[T]his Court and many others have determined that a consular officer's visa refusal constitutes a final adjudication, even if further administrative processing is contemplated.") (citation omitted).

Nonetheless, Plaintiffs appear to argue that Defendants have an additional nondiscretionary duty to act after initially refusing a visa application. Specifically, Plaintiffs point to regulations that require consular officers to reconsider an application that has already been refused if the applicant submits new evidence establishing visa eligibility within one year after the refusal.[18] 22 C.F.R. § 42.81(e). Plaintiffs assert that, because they have "submitted all necessary information and evidence supporting [M.J.'s] application," Defendants have a nondiscretionary duty to now adjudicate the visa application.[19] Other courts, however, have found

---

[18] ECF 11, at 4.

[19] ECF 1, ¶ 63.

that Defendants' nondiscretionary duty ends after issuing a refusal, even if the applicant's presentation of new evidence could eventually lead to a different outcome. *See Yaghoubnezhad v. Stufft*, 734 F. Supp. 3d 87, 94 (D.D.C. 2024) ("According to the Foreign Affairs Manual, 'A refusal under INA 221(g) is, legally, a refusal on a visa application, even if that refusal is eventually overcome.'") (citation omitted); *see also Conley v. U.S. Dep't of State*, 731 F. Supp. 3d 104, 111 (D. Mass. 2024) ("It is undisputed that the application has been denied . . . . The fact that the agency identified a specific contingency that might warrant reconsideration does not change the analysis."). In fact, courts have held that this additional process is inherently discretionary because it requires consular officers to consider whether additional evidence can overcome an initial refusal. *See Ramizi v. Blinken*, 745 F. Supp. 3d 244, 264 (E.D.N.C. 2024) ("[A] consular officer's duty to reconsider a refused application under Section 42.81(e) is discretionary, and based on that officer's independent determination that the applicant has adduced additional evidence that tends to overcome the ground(s) of ineligibility on which the refusal was based.").

Moreover, courts have reasoned that the process allowing refused applicants to submit additional evidence does not negate that the initial refusal was final; rather, it only provides a quasi-appeal process that allows for reconsideration of that final decision. *See Karimova v. Abate*, No. 23-5178, 2024 WL

3517852, at *2 (D.C. Cir. July 24, 2024) ("[T]he visa application remains officially refused. Because the visa application has already been officially refused, keeping the door open in administrative processing can only benefit, never hurt, the applicant's entry prospects."); *see also Ramizi*, 745 F. Supp. 3d at 261 ("The allegation and evidence that Defendants are still considering his visa application via administrative processing does not in any way undercut the court's finding that the application was officially refused after the consular interview. In that respect, the submission of additional information is akin to [a] grievance procedure."). Accordingly, this additional review process is not a nondiscretionary act that establishes subject matter jurisdiction under the APA or the Mandamus Act.

Plaintiffs further argue that the APA's requirement that agencies take action within a reasonable time creates a nondiscretionary obligation that establishes subject matter jurisdiction.[20] This argument also fails. While federal law requires consular officers to review and adjudicate all immigrant visa applications, 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."), the statute does not prescribe a timeframe for that review. And the visa application here *has* been adjudicated. Plaintiffs have not identified

---

20 ECF 11, at 5.

a statute or regulation that requires Defendants to act within a certain timeframe to reconsider a visa application after it was initially refused. Without such a nondiscretionary duty to act, the Court cannot compel Defendants to do so under the APA or the Mandamus Act. *See generally SUWA*, 542 U.S. at 63–65.

Under almost identical facts as the instant case, another judge in this District very recently found a lack of subject matter jurisdiction over a plaintiff's claims after her parents' visa applications were refused. *Sarar v. U.S. Dep't of State*, No. 1:25-CV-5916-TWT, 2026 WL 2243778, at *1 (N.D. Ga. Aug. 3, 2026). In determining that "the State Department [had] already taken all required action" after refusing the visa applications, the Court noted that it and the parties had been "unable to locate . . . any laws or regulations that would impose additional adjudication duties on the State Department and enable the Court to compel further action." *Id.* at *3. And while acknowledging that federal regulations allow consular officials to reconsider their decision after applicants submit additional evidence for eligibility, the Court noted "that process is not required by statute or regulation nor is it guaranteed to change a refusal." *Id.* Ultimately, the Court found that it did not have subject matter jurisdiction over the plaintiffs' claims under the APA or the Mandamus Act because the plaintiff had "not identified a final nondiscretionary action that the State Department has not taken" beyond its initial refusal of the visa applications. *Id.*

Similarly here, because their complaint shows that Defendants have already refused M.J.'s visa application, Plaintiffs cannot identify any further nondiscretionary act that the State Department has not taken. Accordingly, this Court lacks subject matter jurisdiction and cannot consider the merits of Plaintiffs' claims.[21]

## IV. Conclusion

Defendants' motion to dismiss [ECF 6] is **GRANTED.** Plaintiffs' complaint is **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge

---

21 The parties expend considerable effort arguing whether the doctrine of consular non-reviewability bars Plaintiffs' claims. ECF 6-1, at 16; ECF 11, at 6. Because the Court has already determined that it lacks subject matter jurisdiction, an analysis of those arguments is not necessary.